UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 50041-5 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JAMEL GREGORY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Defendant Jamel Gregory moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because the Court finds Gregory eligible for relief under the statute and concludes that he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to time served. All other terms of his original sentence remain in effect.

## BACKGROUND

On December 15, 2009, a grand jury charged Gregory and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Doc. 139. On May 12, 2010, Gregory pleaded guilty to Count 1 of the second superseding indictment. Doc. 253. As part of the plea, Gregory admitted that beginning in June 2008 and continuing until August 10, 2009, he conspired with co-defendants and others to possess with intent to distribute and distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base. Initially, Gregory worked as a "runner" for the drug trafficking organization ("DTO") by responding to various locations in Rockford to meet customers and distribute heroin. Later, Gregory distributed units of heroin to runners and collected money from them. Gregory

occasionally travelled to Chicago to meet with the DTO's supplier and purchase large quantities of drugs that the DTO would later dilute, package, and sell.  During Gregory's involvement with the DTO, the DTO distributed approximately 700 grams of heroin per week.  On November 12, 2010, Judge Kapala sentenced Gregory to 237 months' imprisonment.  Doc. 450.

On May 15, 2020, Gregory filed the present motion for a reduced sentence under Section 404 of the First Step Act.  The government argues that Gregory is not eligible for relief under the First Step Act.  The government also contends that a sentence reduction is not warranted because Gregory's advisory guidelines range has not changed.

## ANALYSIS

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory minimum sentences.  Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).  However, the Fair Sentencing Act was not retroactive and therefore did not impact defendants who committed acts prior to August 3, 2010.  Congress addressed this in 2018 by passing the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive.  Pub. L. No. 111-220, 124 Stat. 2372; *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020).  The First Step Act made retroactive the Fair Sentencing Act's increase in the quantity of crack cocaine necessary to trigger § 841's penalties.  Section 404(b) of the First Step Act provides, in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."  *Id.* § 404(a).

Relief under the First Step Act is discretionary. *See id.* § 404(c). Therefore, there are two steps in this analysis: (1) whether the defendant is eligible for a sentence reduction under the First Step Act; and (2) whether the Court should reduce the defendant's sentence. *Shaw*, 957 F.3d at 736.

## I. Eligibility

Because Gregory committed the relevant offense prior to August 3, 2010, his violation satisfies the first requirement of a "covered offense" under § 404(a) of the First Step Act. The government argues there is no "covered offense," however, because the Fair Sentencing Act did not modify the statutory penalties for violations of § 841(b) offenses involving heroin. That is, although the indictment charged Gregory with participating in a conspiracy involving the distribution of heroin and crack cocaine, it did not specifically allege that Gregory took any actions to support crack cocaine distribution. In other words, the government asks the Court to focus on Gregory's underlying conduct, rather than the underlying statute to assess whether the Fair Sentencing Act altered Gregory's penalty range. The Seventh Circuit has rejected a similar argument, concluding that the phrase "the statutory penalties for which were modified by section 2 or 3" refers to "Federal criminal statute," not to "a violation of a federal criminal statute." *Id.* at 738; *see also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"). Therefore, to determine Gregory's eligibility for relief, the Court evaluates whether the First Step Act modified his statute of conviction.

When the court convicted and sentenced Gregory, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base was 10 years to life.[1] 21

---

[1] In its response brief, the government incorrectly states that the mandatory minimum was 20 years both before and after the effective date of the Fair Sentencing Act. Doc. 967 at 7 ("Both before and after the

3

U.S.C. § 841(b)(1)(A) (2006). The Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. *Id.* § 841(b)(1)(B). Under current law, 280 grams of cocaine base is necessary to subject a defendant to the higher, 10-year statutory minimum. *Id.* § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for the underlying statute of conviction, thus, there is a "covered offense" for purposes of the First Step Act. *Shaw*, 957 F.3d at 739–40 (defendants eligible to seek relief under the First Step Act because the Fair Sentencing Act modified the penalties for crack cocaine); *United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *3 (N.D. Ill. May 13, 2020) (same).

The Seventh Circuit has not yet addressed whether a defendant is eligible for a reduced sentence under the First Step Act when he is charged with a conspiracy to distribute crack cocaine and another controlled substance and, as here, the distribution of that other controlled substance alone provided the basis for the sentence. *See Taylor*, 2020 WL 2476529, at *4. However, many courts have concluded that the defendant's offense is still covered when a defendant was convicted of a multiple-objective conspiracy. *See id.* ("the Fair Sentencing Act modified the statutory penalties for the crack cocaine portion of a multiple-drug conspiracy charge even if the penalties for other controlled substances remain the same" and a multi-objective conspiracy is covered); *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020) ("a

---

effective date of §§ 2 and 3 of the Fair Sentencing Act, the statutory penalty for offenses involving 1 kilogram or more of heroin after being convicted of a felony drug offense was 20 years to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(i)."). For an offense involving 1 kilogram of heroin, the statutory mandatory minimum is 10 years. Under the previous version of the statute, if such violation occurred after a prior conviction for a "felony drug offense" became final, the mandatory minimum became 20 years. 21 U.S.C. § 841(b)(1)(A)(i) (2006). The Fair Sentencing Act modified this provision to decrease the mandatory minimum to 15 years if the violation occurred after a prior conviction for a "serious drug felony" became final. 21 U.S.C. § 841(b)(1)(A)(i); *see also United States v. Godinez*, 955 F.3d 651, 654–55 (7th Cir. 2020) (the Fair Sentencing Act narrowed the category of offenses that triggered a higher mandatory minimum by requiring that a prior conviction be a "serious drug felony" rather than a "felony drug offense"). The government provides no support for the application of a higher mandatory minimum. Further, the sentencing court sentenced Gregory to less than 20 years, and this Court cannot identify any facts indicating that Gregory was convicted of a "serious drug felony."

4

multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced" is covered for purposes of the First Step Act); *see also United States v. Coates*, No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (the defendant's offense was still covered when it involved both heroin and powder cocaine); *United States v. Mitchell*, No. 06 CR 723-2, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (conviction was a covered offense when the defendant was charged with a heroin and crack cocaine conspiracy); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *3–4 (D. Conn. Jan. 29, 2020) (collecting cases). This Court agrees. The Fair Sentencing Act modified the statutory penalties for crack cocaine, and the statute of conviction, not the underlying conduct, determines eligibility. *See Shaw*, 957 F.3d at 739 ("[T]he statute of conviction alone determines eligibility for First Step Act relief."). Because the Fair Sentencing Act modified the statutory penalties for the statute of conviction, Gregory is eligible for relief.

The government's suggestion that the Court should find Gregory ineligible because neither the indictment nor the plea agreement indicate that Gregory was involved in the DTO's crack cocaine distribution is unpersuasive. To determine eligibility, the Court looks to the underlying statute of conviction, not a defendant's conduct as included in an indictment or detailed in a plea agreement. *Cf. United States v. Grullon*, No. 99-CR-1142-008 (JGK), 2020 WL 2793054, at *2 (S.D.N.Y. May 29, 2020) (rejecting the government's argument that there was no covered offense because the jury convicted the defendant of a conspiracy involving crack cocaine and powder cocaine and refusing to interpret "covered offense" to apply only based on the defendant's conduct). In short, the fact that Gregory's involvement in the DTO was limited to distributing heroin may influence this Court's determination of the appropriate relief at the

5

next stage of analysis, but it has no bearing on the Court's determination that Gregory is eligible for relief.

## II. Relief

The Court must now decide whether to exercise its discretion to reduce Gregory's sentence. In determining whether a sentence reduction is warranted, the Court considers the § 3553(a) factors. *Shaw*, 957 F.3d at 742; *see also United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *3 (7th Cir. July 22, 2020) (in evaluating whether to reduce a defendant's sentence, courts may consider "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct"). "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *United States v. Mansoori*, 426 F. Supp. 3d 511, 519 (N.D. Ill. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). The record contains substantial evidence of Gregory's post-sentencing rehabilitation. Throughout his incarceration, Gregory has completed 113 educational courses. Within his first year, Gregory obtained a GED and completed the commercial driver's license course. Gregory has also completed a series of coursework to become qualified for employment in the restaurant industry, which involved at least 250 hours of work and multiple certifications. Gregory has also completed an apprenticeship in plumbing—a 500-hour program. Gregory currently performs plumbing repairs at the facility and intends to obtain employment as a plumber upon his release. According to his motion, Gregory has received "outstanding" work performance ratings and his education report indicates that he is a "model inmate." Doc. 956 at 11 (internal quotation marks omitted). Finally, Gregory has completed the non-residential drug abuse treatment program and the drug educational program.

6

In addition to Gregory's commendable achievements, Gregory's letter to the Court provides further evidence of his rehabilitation. Gregory acknowledges that his negative actions caused harm to his community, friends, and family. Gregory also states that he is prepared to work as a plumber and has proactively contacted the Illinois Plumbers Union, which is prepared to offer Gregory an opportunity to work. Doc. 956-6 at 2. Further, Gregory has family members who are prepared to support him upon release. Gregory's siblings wrote letters to the Court that detail the change they have witnessed in Gregory during his incarceration, as well as their support upon release. All of this evidence demonstrates to the Court that Gregory has proactively taken steps to rehabilitate himself and incarceration appears to have had the desired deterrent effect, leading Gregory to be law-abiding upon release.

A Bureau of Prisons ("BOP") progress report indicates that as of March 6, 2018, Gregory had served ten years and two days of his sentence. Accordingly, he has now served approximately twelve-and-a-half years. The BOP webpage lists Gregory's release date as August 17, 2026, thus, he has approximately six years of his sentence remaining. The Court remains sensitive to the considerations that supported the original sentence, including recognition of the seriousness of the offense and the desire to avoid unwarranted sentencing disparities. However, Gregory has put forth substantial evidence that demonstrates he has taken steps to improve himself throughout incarceration and would lead a productive life upon release. Gregory is 41 years old and expresses a desire to contribute positively to society. The statutory mandatory minimum sentence applicable to the heroin portion of Gregory's conspiracy conviction is 10 years, well below the 237-month sentence imposed. *See* 21 U.S.C. § 841(b)(1)(A). Gregory has completed 10 years of his sentence, thus, there is no statutory limit on the Court's discretion to reduce his sentence. *See Taylor*, 2020 WL 2476529, at *5.

The government argues that the Court should not exercise its discretion under the First Step Act to lower Gregory's sentence because the statutory mandatory minimum and maximum and the sentencing guidelines range remain unchanged. The government indicted Gregory with a quantity of 1 kilogram of heroin and 50 grams of crack cocaine. The statutory mandatory minimum for 1 kilogram of heroin is 10 years. When viewed alongside the evidence of Gregory's rehabilitation, the Court finds that a sentence of time served is appropriate because Gregory has served a sentence greater than the mandatory minimum. The government argues that Gregory should not receive a "windfall" unavailable to other defendants prosecuted for the same conduct after the enactment of the Fair Sentencing Act. Courts in this district have consistently rejected this argument. *See, e.g.*, *United States v. McMahan*, No. 04 CR 423-2, 2020 WL 1904095, at *5 (N.D. Ill. Apr. 17, 2020) ("the government asks the court to keep [the defendant] in prison based on a hypothetical" that reducing his sentence would result in a windfall); *Mansoori*, 426 F. Supp. 3d at 518–19 ("The Court will not assume that any defendant could have been indicted on a greater drug quantity."); *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019) ("Nor does the Government's argument as to potential sentencing disparities change the Court's analysis."). This Court is also unpersuaded that reducing Gregory's sentence will result in such a windfall. Further, any such risk is outweighed by Gregory's exceptional post-sentencing record.

## CONCLUSION

The Court grants Gregory's motion for a reduced sentence under Section 404 of the First Step Act [956]. The Court orders that Gregory's sentence be reduced to time served. The Court leaves all other conditions of his sentence intact.

Dated: September 24, 2020

                                                            SARA L. ELLIS
                                                            United States District Judge